

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent, | §<br>§<br>§ | |
| vs. | § | C.R. NO. B-99-362 |
| | § | |
| MANUEL MARES MARTINEZ,<br>    Petitioner.<br>(C.A. NO. B-01-065) | §<br>§<br>§ | |

United States District Court
Southern District of Texas
FILED

JUN 2 6 2001

Michael N. Milby
Clerk of Court

### RESPONSE TO MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The UNITED STATES OF AMERICA ("the government") files this response to Manuel Mares Martinez' ("Martinez") Motion For Relief Under 28 U.S.C. § 2255. In support thereof, the government would show the court the following:

I.

### JURISDICTION

Martinez seeks relief from the judgment of conviction and sentence entered by the district court on October 4, 2000. Martinez did not appeal. Martinez' motion for relief under § 2255 was timely filed on April 25, 2001, thereby vesting this court with jurisdiction under 28 U.S.C. § 2255.

II.

### GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, Martinez presents the following grounds to justify relief:

A.  Martinez complains that he was denied his right to the effective assistance of counsel

on direct appeal when his attorney failed to file a notice of appeal in the face of his instructions that he do so;

B.  Martinez complains that the district court incorrectly applied the Sentencing Guidelines when it determined his base offense level and when it adjusted his offense level for his role in the offense.

III

RESPONSE AND AUTHORITY

A.  Denial of counsel on appeal

Martinez asserts that his attorney abrogated his right to the effective assistance of counsel by wholly failing to perfect an appeal from the judgment of conviction and sentence despite his express desire that he do so. To succeed on this complaint he must show (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) that "counsel's deficient performance prejudiced the defendant." *United States v. Castano,* 211 F.3d 871, 2000 WL 530323 (5th Cir. 2000) (citing *Roe v. Flores-Ortega,* _ U.S. _, 120 S.Ct. 1029 (2000) and quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052 (1984)). Quoting *Flores-Ortega,* the Fifth Circuit considered application of the first prong of the *Strickland* test with this observation:

> In considering the first prong of *Washington*, the Court explained:
>
> [we] have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable...At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal cannot later complain that, by following his instructions, his counsel performed deficiently. The question presented lies between those poles: Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or another?

*Castano,* 2000 WL 530323 (quoting *Flores-Ortega,* _ U.S. at _, 120 S.Ct. at 1035). The *Castano*

2

panel concluded that counsel's performance must be deemed deficient, that is, professionally unreasonable, if counsel fails to follow the defendant's express instructions with respect to an appeal. *Id* The defendant satisfies the prejudice prong of *Strickland* if he shows that but for counsel's failure to follow his instructions, he would have appealed. *Ibid*.

Martinez asserts that he instructed his attorney to perfect an appeal. This assertion creates an issue that cannot be resolved solely with resort to the record. Martinez unsubstantiated assertion does not support relief in and of itself, however. Martinez' trial counsel, Luis V. Saenz, must corroborate or refute this assertion. The court may expand the record to this end by directing Saenz to file an affidavit explaining whether or not his client instructed him to file a notice of appeal and why he did not do so or by appointing counsel and resolving the issue in an evidentiary hearing.

B.  Application of the Sentencing Guidelines

Under 28 U.S.C. § 2255, a petitioner may move the court to vacate, set aside, or correct the sentence on the basis that

> the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

*United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). The *Faubion* court observed that the phrase "otherwise subject to collateral attack" limits relief under § 2255 to "(1) errors of constitutional magnitude and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed would result in a miscarriage of justice." 19 F.3d at 233 (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989); *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir.1988)). The district court's

3

application of the Sentencing Guidelines are not constitutional and could have been raised on direct appeal. Consequently, Martinez is not entitled to relief on the ground that the district court misapplied the Sentencing Guidelines.

The government prays that this court enter an order directing attorney Luis Saenz to file an affidavit explaining whether or not he was instructed to perfect an appeal and, if so, why he failed to perfect an appeal. Thereafter, the court should appoint counsel and set a hearing to determine whether Martinez was denied his right to the effective assistance of counsel on appeal.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney
Attorney for respondent
P.O. Box 61129
Houston, Texas 77208
State bar No. 20316950
Fed.Id.No. 1401
(713) 567-9102

## CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a copy of the foregoing Respondent's Response to Martinez Motion for Relief Under 28 U.S.C. § 2255 has been mailed on this the 26th day of June, 2001, via certified mail, return receipt requested to:

Mr. Manuel Mares Martinez pro se
Prisoner No. 58072-079
Federal Medical Center - Lexington
P.O. Box 14501
Lexington, Kentucky 40512-4501

JAMES L. TURNER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | C.A.. NO. C-99-362 |
| MANUEL MARES MARTNEZ (B-01-065) | § § | |

## ORDER

It is hereby ORDERED that Attorney Luis Saenz prepare and file an affidavit explaining whether or not he was instructed to perfect an appeal by his client Manuel Mares Martinez and, if so, why he failed to do so.

SIGNED this _____ day of _____ 2001.

_____
UNITED STATES DISTRICT JUDGE