8

United States District Court
Southern District of Texas
FILED

JUL 0 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §          C.A. B-01-065
                                  §          CR. No. B-99-362-S1
MANUEL MARES-MARTINEZ             §

## APPLICATION FOR SUBPOENA AND SUBPOENAS DUCES TECUM
## MOTION FOR DECISION ON PROSPECTIVE ASSERTION OF
## ATTORNEY-CLIENT PRIVILEGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Respondent, LUIS V. SAENZ, and applies to the Court for a Subpoena

to the Honorable Larry Warner and Subpoena Duces Tecum to Honorable Larry Warner's file on

Manuel-Martinez.    LUIS V. SAENZ applies to the court for a decision on Larry Warner's

prospective assertion of assertion of attorney-client privilege even in the face of Petitioner's not

having retained Mr. Warner to represent him.

On July 5, 2001, LUIS V. SAENZ, spoke with Mr. Warner about the substance of the

allegations in the Motion to Vacate now pending before the United States Magistrate-Judge.  Mr.

Warner informed LUIS V. SAENZ that on advice of counsel, Mr. Warner felt obligated to

request that the Court subpoena Mr. Warner and felt obligated to request that the Court subpoena

Mr. Warner's file.  Mr. Warner indicated that he was concerned about whether there existed any

attorney-client relationship between Mr. Warner and Manuel Mares-Martinez.  Mr. Warner also

indicated that Mr. Warner would prefer, upon advice of counsel, to be subpoena and to have his

file subpoenaed before responding to the allegations in the Motion to Vacate.

Conclusion and request for relief

The Court should issue a Subpoena to Mr. Warner and Subpoena Duces Tecum to Mr. Warner for his file on Manuel Mares-Martinez.  The Court should decide on Mr. Warner's prospective assertion of Assertion of Attorney-client privilege even in the face of Petitioner's not having retained Mr. Warner to represent him.

Respectfully submitted,

LAW OFFICE OF
LUIS V. SAENZ
117 East Price Road
Brownsville, Texas 78521
(956) 550-9550 - Telephone
(956) 550-9553 - Telefax

BY: _____
Luis V. Saenz
Federal ID No: 12252
State ID No 17514880

## CERTIFICATE OF SERVICE

I, Luis V. Saenz, do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the United States Attorney's Office on this the ___5___ day of July, 2001.

_____
Luis V. Saenz

STATE OF TEXAS        §

                              §

COUNTY OF CAMERON   §

        **BEFORE ME**, the undersigned Notary Public, on this day personally appeared Luis V. Saenz, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath states as follows:

> "My name is Luis V. Saenz. I am over the age of eighteen (18) years, of sound mind and capable of making this affidavit. I am personally acquainted with the facts stated herein, which are true and correct.
>
> On or about November 8, 1999, I was retained as co-counsel in Case No. B-99-362-S1, United States of America vs. Manuel Mares-Martinez. The Honorable Ricardo Canales was already on the case as lead counsel.
>
> On November 9, 1999, I filed my appearance as co-counsel. From the very beginning Mr. Mares knew and understood that I was retained to assist Mr. Canales with the case-in-chief. I discussed with Mr. Mares his right to appeal. I advised him that I did not do appeals but that I would refer him to an appellate attorney.
>
> I spoke to the Honorable Larry Warner about Mr. Mares' appeal. I then spoke to Mrs. Mares and informed her that she needed to go see Mr. Warner about hiring Mr. Warner to do Mr. Mares' appeal. I know that Mrs. Mares did go see Mr. Warner several times. I also know that Mr. Mares called Mr. Warner's office and spoke to Mr. Warner about hiring him to file his appeal. I also know that Mr. Warner did not do Mr. Mares' appeal because he was never retained.
>
> At no time during my representation of Mr. Mares did he direct or instruct me to file his appeal."

**EXECUTED** on this the 5th day of July, 2001.

_____
Luis V. Saenz

       **SWORN AND SUBSCRIBED** to before me, the undersigned authority, by the said Luis V. Saenz, on this the 5th day of July, 2001, to certify which witness my hand and seal of office.

SAN JUANITA CARRIZALES
NOTARY PUBLIC
State of Texas
Comm Exp 06-24-2003

_____
Notary Public in and for
the State of Texas
Commission expires: _____

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA     §
                              §
VS.                              §          C.A. B-01-065
                              §          CR. No. B-99-362-S1
MANUEL MARES-MARTINEZ    §

## ORDER ON APPLICATION FOR SUBPOENA AND
## SUBPOENAS DUCES TECUM MOTION FOR
## DECISION ON PROSPECTIVE ASSERTION OF
## ATTORNEY-CLIENT PRIVILEGE

On the _____ day of July, 2001, the Court considered the Application for Subpoena and Subpoena Duces Tecum and Motion for Decision on Prospective Assertion of Attorney-Client Privilege filed by Attorney Luis V. Saenz herein.

After consideration of the pleadings, the law, and representations counsel, the court makes the following rulings:

1.     The Application for Subpoena and Subpoena Duces Tecum is GRANTED. The Clerk is ORDERED immediately to issue a Subpoena and Subpoena Duces Tecum to Mr. Warner directing that he appear at a time later to be specified by the Court and directing that he appear at a time later to be specified by the court and directing him to furnish the Court a copy of his file on Manuel Mares-Martinez relating to this Motion to Vacate.

2.     The Prospective Assertion of Attorney-Client privilege is overruled. The Court accepts the representation of LUIS V. SAENZ that Mr. Mares-Martinez never hired Mr. Warner to represent Mr. Mares-Martinez in an appeal of the judgment which is the subject of the instant Motion to Vacate.

DONE at Brownsville, this _____ day of July, 2001.

_____
UNITED SATES MAGISTRATE JUDGE