IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

AFFIDAVIT OF ATTORNEY LARRY WARNER
AFTER ORDER OVERRULING ASSERTION OF ATTORNEY-CLIENT PRIVILEGE
AND DIRECTING ATTORNEY TO PRODUCE COPY OF FILE

United States District Court
Southern District of Texas
FILED
FEB 01 2002
Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL MARES MARTINEZ | § |
| | § |
| VS. | § CIVIL ACTION NO. B-01-065 |
| | § |
| UNITED STATES OF AMERICA | § |

STATE OF TEXAS
COUNTY OF CAMERON

**AFFIDAVIT OF ATTORNEY LARRY WARNER**

AFTER ORDER OVERRULING ASSERTION OF ATTORNEY-CLIENT PRIVILEGE
AND DIRECTING ATTORNEY TO PRODUCE COPY OF FILE

BEFORE ME, the undersigned authority, appeared this day Larry Warner, well known to me, who, upon his oath, deposed and said as follows:

"My name is Larry Warner. I am an attorney admitted to practice before the Supreme Court of the United States and before this Court. I was admitted to practice before the Supreme Court of Texas in 1973.
I provide this affidavit after conferring with my own private employed counsel about the prospect of attorney client privilege as between me and Manuel Mares Martinez.
I provide this information after advice from counsel respecting the following rule, inter alia:

V.T.C.A., Govt. Code T. 2, Subt. G App. A, Art. 10, §§ 9, Rule 1.05 VERNON'S TEXAS STATUTES AND CODES ANNOTATED GOVERNMENT CODE TITLE 2. JUDICIAL BRANCH SUBTITLE G. ATTORNEYS TITLE 2, SUBTITLE G--APPENDIX A. STATE BAR RULES ARTICLE X--DISCIPLINE AND SUSPENSION OF MEMBERS SECTION 9. TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT I. CLIENT-LAWYER RELATIONSHIP Rule 1.05. Confidentiality of Information

(a)  "Confidential information" includes both "privileged information" and "unprivileged client information." "Privileged information" refers to the information of a client protected by the lawyer-client privilege of <u>Rule 503 of the Texas Rules of Evidence</u> or of <u>Rule 503 of the</u>

-1-

<u>Texas Rules of Criminal Evidence</u> or by the principles of attorney-client privilege governed by <u>Rule 501 of the Federal Rules of Evidence</u> for United States Courts and Magistrates. "Unprivileged client information" means all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client.

(b)   Except as permitted by paragraphs (c) and (d), or as required by paragraphs (e) and (f), a lawyer shall not knowingly:

(1)   Reveal confidential information of a client or a former client to:
    (i)   a person that the client has instructed is not to receive the information; or

    (ii)   anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm.

(2)   Use confidential information of a client to the disadvantage of the client unless the client consents after consultation.

(3)   Use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultation or the confidential information has become generally known.

(4)   Use privileged information of a client for the advantage of the lawyer or of a third person, unless the client consents after consultation.

    (c)   A lawyer may reveal confidential information:

(1)   When the lawyer has been expressly authorized to do so in order to carry out the representation.

(2)   When the client consents after consultation

(3)   To the client, the client's representatives, or the members, associates, and employees of the lawyer's firm, except when otherwise instructed by the client.

(4)   When the lawyer has reason to believe it is necessary to do so in order to comply with a court order, a Texas Disciplinary Rules of Professional Conduct, or other law.

(5)   To the extent reasonably necessary to enforce a claim or establish a defense on behalf of the lawyer in a controversy between the lawyer and the client.

(6)   To establish a defense to a criminal charge, civil claim or disciplinary complaint against the lawyer or the lawyer's associates based upon conduct involving the client or the representation of the client.

(7)   When the lawyer has reason to believe it is necessary to do so in order to prevent the client from committing a criminal or fraudulent act.

(8)   To the extent revelation reasonably appears necessary to rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used.

    (d)   A lawyer also may reveal unprivileged client information:

(1)   When impliedly authorized to do so in order to carry out the representation.

(2) When the lawyer has reason to believe it is necessary to do so in order to:
  (i) carry out the representation effectively;
  (ii) defend the lawyer or the lawyer's employees or associates against a claim of wrongful conduct;
  (iii) respond to allegations in any proceeding concerning the lawyer's representation of the client; or
  (iv) prove the services rendered to a client, or the reasonable value thereof, or both, in an action against another person or organization responsible for the payment of the fee for services rendered to the client.

(e) When a lawyer has confidential information clearly establishing that a client is likely to commit a criminal or fraudulent act that is likely to result in death or substantial bodily harm to a person, the lawyer shall reveal confidential information to the extent revelation reasonably appears necessary to prevent the client from committing the criminal or fraudulent act.

(f) A lawyer shall reveal confidential information when required to do so by Rule 3.03(a)(2), 3.03(b), or by Rule 4.01(b).

CREDIT(S)

1998 Main Volume

Adopted by order of Oct. 17, 1989, eff. Jan. 1, 1990. Amended by order of Oct. 23, 1991.

Comment 6 provides in part: The effect of <u>Rule 1.05</u> is to require the lawyer to invoke, for the client, the attorney-client privilege when applicable; but if the court improperly denies the privilege, under paragraph (c)(4) the lawyer may testify as ordered by the court or may test the ruling as permitted by Rule 3.04(d).

I provide this affidavit noting that the United States District Court for the Southern District of Texas has adopted for Standards of Conduct for Counsel the Texas Disciplinary Rules of Professional Conduct, of which the rule cited above is and has been at all times relevant to this affidavit and at all times relevant to this proceeding a part. U.S.DIST.CT.,S.D.TX LOC.R.APPENDIX A, R.1A "...the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct." U.S.DIST.CT.,S.D.TX LOC.R.APPENDIX A, R.1A

I provide this affidavit after the trial court's having overruled an assertion of attorney-client privilege as between me

and Manuel Mares Martinez.

I provide this affidavit after having been informed by Attorney Luis Saenz and after having been informed by Assistant United States Attorney Mark Dowd that Manuel Mares Martinez has filed a Motion Attacking Sentence pursuant to 28 U.S.C.2255 alleging that Manuel Mares Martinez hired Attorney Luis Saenz to represent Manuel Mares Martinez in a direct appeal of a criminal conviction and sentence from the United States District Court for the Southern District of Texas, Brownsville Division to the United States Court of Appeals for the Fifth Circuit and further alleging that Mr. Saenz did not perfect the appeal, averring ineffective counsel, and seeking appropriate relief.

I have known both Mr. Saenz and Mr. Dowd for twenty years, each in his professional capacity. When Mr. Saenz was District Attorney for Cameron County, Texas, he hired me to be appellate counsel for that office. I have visited in his home and he in mine. Since 1991, the great bulk of my work has been post-judgment practice: appeals, writs, petitions for review, petitions for certiorari, etc. I generally try two week-long cases per year.

Throughout my professional relationship with Mr. Saenz, he has referred to me numerous post-judgment matters. I have heard him tell clients and he has told me, "I don't do appeals; I send them to Mr. Warner. When I was D.A., I hired him to do appeals."

I do not have a clear, independent, and unaided recollection of the matters involving my office and Manuel Mares Martinez. Even after reviewing my suspense file, my recollection is not completely refreshed. However, we do keep business records in the regular course of business. Records are made by one with personal knowledge of the event or at the direction of one with personal knowledge of the event. Records are made at the time of the event or near the event. I make notes on the computer of telephone conversations; that is what I did in this case. My notes of June

-4-

26, 2000 are a correct summary of my conversation with Mr. Mares Martinez. As custodian of those records, I previously furnished the Court with a copy of my file on this matter; it contains our records of this case. Attached to this affidavit is an additional copy of our file in this case. The copies are true copies of the originals and the copy provided is complete.

I remember that Mr. Saenz called me about a federal prisoner who wanted to appeal his conviction or sentence. I remember that shortly after that I talked on the telephone with someone who wanted to appeal the sentence or the conviction or both. I do not remember quoting a fee, but my file reflects that I expected the family to come in with a retainer the day after I spoke with the individual in the penitentiary or jail. That individual was Mr. Mares Martinez. The subject of our conversation is reflected in my notes: an appeal.

Our practice is to send prospective clients a "non-engagement letter" if prospective client has not hired us. We send that letter promptly after the initial contact. We sent such a letter in this case. We do that so that people know how important it is to act promptly in order not to lose rights. While I have more than once gotten the United States Court of Appeals for the Fifth Circuit to reinstate matters that had been dismissed, it is imprudent to depend upon the prospective exercise of such discretion. The letter to the prospective client, Mr. Mares Martinez, is included in the file we furnished the court. Mr. Mares Martinez never hired us in this case. His family did not come to the office as expected.

Since Mr. Saenz completed his term as District Attorney, when he began private practice, I have never known him to take on responsibility for any appeal or post judgment matter alone. His policy, as noted above, is not to take responsibility for such matters at all, but rather to refer them to me. On only one

occasion, when the family insisted, was he actually attorney of record, and then as co-counsel and I as lead counsel: **U.S.A. v. Villareal**, Civ. No. H-98-2657, Crim. No.H-94-0158(U.S.Dist.Ct., S.D.TX Houston Div. Feb. 2, 1999(not designated for publication), dealing with reinstating an appeal.

Shortly after the Motion Attacking Sentence was filed, when Mr. Saenz told me that a Motion attacking sentence had been filed in this case, he was in my office, quite upset, and said repeatedly, "I don't do appeals; I send them to you! I never told him [Mares Martinez] I'd do his appeal! I told him to call you!"

I have for years sent to Mr. Saenz' office both civil and criminal trial matters I was not willing to deal with, oftentimes based on an attempt to control my workload. I would be shocked to learn that Mr. Saenz had taken on responsibility for a federal appeal alone, principally because we have had a long-term relationship over several years in which I refer him many civil and criminal trial matters and he refers me civil and criminal appellate matters.

RESPECTFULLY SUBMITTED,

Larry Warner
Attorney at Law
777 E. Harrison St.
Brownsville, Texas 78520
(956) 542-4784 * 544-5234 fax
SBOT # 20871500

**SUBSCRIBED AND SWORN** before me, on the 31st day of January, 2002, to certify which witness my hand and official seal.

MARISOL DELAFUENTE
Notary Public, State of Texas
My Commission Expires
April 27, 2005

MARISOL DELAFUENTE

-6-

NOTARY PUBLIC IN AND FOR THE STATE
OF TEXAS-Commission Exp: 4/27/05