21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

FEB 2 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MANUEL MARES MARTINEZ, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-01-065 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-362 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Manuel Mares Martinez ("Mares Martinez") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking to set aside his 235 month sentence for violating 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B). The government has filed a response (Docket No. 7) which the court construes as a Motion for Summary Judgment. For the reasons set forth below, it is recommended that this case be dismissed.

**BACKGROUND**

According to his § 2255 petition, on June 26, 2000, Mares Martinez pled guilty to one count of a three count indictment charging him with conspiracy to possess and possession with intent to distribute substantial quantities of drugs. He was sentenced to 235 months.

**THE § 2255 PETITION**

Mares Martinez argues in his § 2255 petition that his sentence was based on an improper application of the sentencing guidelines and he had instructed his attorney to file a direct appeal.

**RECOMMENDATION**

Following the filing of Mares Martinez's petition, this judge requested that Mares Martinez's trial counsel, Hon. Luis V. Saenz address the issue raised by Mares Martinez with respect to the

instructions to file an appeal. (Docket No. 4). Mr. Saenz replied with an affidavit (Docket No. 8) to the effect that following the sentencing in this case he had referred Mares Martinez to Hon. Larry Warner for purposes of discussing an appeal. According to Mr. Saenz, Mares Martinez had never instructed him to file an appeal.

In response to a subpoena, Mr. Warner furnished a copy of his records with respect to Mares Martinez. (Docket No. 12). These records reflect discussions concerning an appeal. However, it is apparent from a letter Mr. Warner wrote Mares Martinez on August 31, 2000 that no financial arrangements concerning an appeal were finalized. Mr. Warner's letter states in simple easy to understand terms that in the absence of satisfactory financial arrangements he is not representing Mares Martinez. The letter goes on to state that unless timely steps are taken the judgment of the court will be carried out.

Mr. Warner filed an affidavit (Docket No. 19) in which he outlined his recollection of the contacts he had with Mares Martinez. In essence, that recollection is that he understood that Mr. Saenz did not handle appeals, but referred clients to Mr. Warner. Mr. Warner, in fact, had a discussion with Mares Martinez. However, no financial arrangements were made, and Mr. Warner did not file an appeal. However, Mr. Warner did write Mares Martinez the letter referred to previously informing him of the risk in not proceeding.

In addition to the foregoing, the government has filed an affidavit (Docket No. 20) from Hon. Rick Canales, another of Mares Martinez's attorneys, who states that he advised Mares Martinez of his right to appeal. Mr. Canales told Mares Martinez that he did not handle appeals. The affidavit further states that Mares Martinez did not instruct Mr. Canales to file an appeal.

2

It is apparent from the foregoing that Mares Martinez never made the appropriate arrangements to perfect an appeal.

Mares Martinez complains of the application of the sentencing guidelines. It is axiomatic that sentencing guideline complaints are not cognizable in a § 2255 petition. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

IT IS THEREFORE **RECOMMENDED** that the government's Motion for Summary Judgment be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Manuel Mares Martinez's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 19th day of February, 2002.

_____
John Wm. Black
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL MARES MARTINEZ,<br>    Plaintiff-Petitioner, | §<br>§<br>§ | CIVIL ACTION NO. B-01-065 |
| VS. | §<br>§ | CRIMINAL NO. B-99-362 |
| UNITED STATES OF AMERICA,<br>    Defendant-Respondent. | §<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PETITION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of February 19, 2002, should be adopted and the petition be dismissed.

DONE in Brownsville, Texas, on this _____ day of _____, 2002.

_____
Filemon B. Vela
United States District Judge