

United States District Court
Southern District of Texas
FILED

MAR 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL MARES MARTINEZ | § | |
| | § | CIVIL ACTION B-01-065 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-362 |
| UNITED STATES OF AMERICA | § | |

## PETITIONER'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MANUEL MARES MARTINEZ, Petitioner herein, by and through his attorney of record, and files this his Objections to Magistrate's Report and Recommendation.

### I.

### JURISDICTION.

This Honorable Court has jurisdiction over the subject matter herein and the parties involved pursuant to Title 28 United States Code, §§ 2255. On February 20, 2002, this Court submitted its Report and Recommendation. In said report, this Court found that the government's Motion for Summary Judgment should be granted.

This Court granted the parties ten (10) days from receipt of the Report to file objections, the instant objections are timely filed.

## II.

## OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE.

Petitioner respectfully objects to this Court's Report and Recommendation, in that the government's Motion for Summary Judgment should not be granted, thereby dismissing, summarily, Petitioner's claim for federal habeas corpus relief.

A.  **Standard of Review.**

Summary judgment is proper when the pleadings and evidence show no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). A party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If (but only if) the Respondent makes the requisite showing, the burden shifts to the Petitioner to prove there is a fact issue that is trial worthy. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986); *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 173 (7th Cir. 1996). A "genuine" issue is one that can be resolved in favor of either party. *Anderson*, 477 U.S. at 248-49, 106 S.Ct. at 2510. A non-movant party injects a genuine issue into the summary judgment procedure when a reasonable jury could resolve the disputed fact in favor of, or in the manner described by, the non-movant. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996).

Summary judgment is particularly appropriate when the question to be decided deals with issues of law. *Flath v. Garrison Pub. Sch. Dist.*, 82 F.3d 244, 246 (8th Cir. 1996). However, the line between issues of fact and issues of law can be difficult to draw. *Pullman-Standard v. Swint*, 456 U.S. 273, 288, 102 S.Ct. 1781, 1789-90 (1982). In the instant case, where the application of a rule of law goes hand in hand with the resolution of disputed facts, the motion for summary judgment presents a mixed question of law and fact. Accordingly, summary judgment may not be appropriate in this situation. *Lugan v. National Wildlife Fed'n*, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189 (1990).

**B.    Statement of genuine issues.**

Petitioner re-urges each and every allegation asserted in his motion under 28 U.S.C. § 2255, including the following:

 1. Petitioner received ineffective assistance of counsel due to the fact that his attorney failed to file an appeal as requested by petitioner.

Accordingly, there exist factual, and not simply legal, determinations that must be addressed by this Honorable Court. Accordingly, disposition of Petitioner's claims by way of summary judgment in favor of Respondent is not proper. *Lugan*, 497 U.S. at 889, 110 S.Ct. at 3189.

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully requests that summary judgment not be entered on behalf of Respondent and that Petitioner's motion under Title 28 United States Code, §§ 2255 not be denied summarily but instead, a evidentiary hearing can be had in order that any disputed facts be resolved by this Honorable Court.

Respectfully submitted,

Rene E. De Coss
State Bar No. 00795315
Fed Bar No. 20563
**ANDARZA & DE COSS P.C.**
1718 Boca Chica Blvd.
Brownsville, Texas 78520
phone (956) 550-8330
fax    (956) 982-1909

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been delivered, to the office of the United States Attorney at 600 E. Harrison, Brownsville, Texas 78520 on ___3/01/02___.

Rene E. De Coss