IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

APR 18 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MANUEL MARES MARTINEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-065 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Petitioner Manuel Mares Martinez ("Martinez") has filed a Notice of Appeal (Docket No. 24) in response to the district court's dismissal of his petition under 28 U.S.C. § 2255. In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996 requires that Martinez obtain a certificate of appealability ("COA"). This Court will treat Martinez's Notice of Appeal as a petition for a COA and will consider the arguments he presented in his section 2255 petition (Docket No. 1) to determine whether a COA should issue in this case.

### DISCUSSION

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).

In his section 2255 petition, Martinez asserted that he received ineffective assistance of counsel because his attorney failed to file an appeal as requested by Martinez. To prove ineffective

assistance of counsel, Martinez must show that his attorney's performance was deficient and that Martinez was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record demonstrates that Martinez's attorney Luis Saenz referred Martinez to another lawyer Larry Warner to discuss an appeal. (See Docket No. 8). Nonetheless, an agreement to appeal was never finalized with Warner because Martinez never made satisfactory financial arrangements. (Docket Nos. 12, 19). Warner properly apprized Martinez of the risks in not determining financial arrangements and in not proceeding with an appeal. (Docket Nos. 12, 19). Martinez has shown neither deficient performance nor prejudice, and thus, no COA should issue because Martinez has failed to establish that he was denied any of his constitutional rights with respect to this claim.

In his section 2255 petition, Martinez also complained that the trial court misapplied the sentencing guidelines. This claims lack constitutional merit, and thus, there is no showing of a denial of a constitutional right. *See United States v. Williams*, 183 F.3d 458, 462 (5th Cir. 1999).

Martinez has failed to make a substantial showing of the denial of any of his constitutional rights. Accordingly, IT IS therefore **ORDERED** that Martinez's petition for certificate of appealability (Docket No. 24) be **DENIED**.

DONE in Brownsville, Texas, on this 17th day of April, 2002.

Filemon B. Vela
United States District Judge