IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-40588
USDC Nos. B-01-CV-65
B-99-CR-362-1

---

U.S. COURT OF APPEALS
FILED
SEP 0 5 2002
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
SEP 1 0 2002
Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

MANUEL MARES-MARTINEZ,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

O R D E R:

    Manuel Mares-Martinez (Mares) moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion.  Mares pleaded guilty to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He asserts that he was denied effective assistance of counsel in that his attorneys failed to file a notice of appeal or otherwise protect his right of appeal.

    A COA may be issued only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Mares must show that counsel's assistance

O R D E R
No. 02-40588
- 2 -

was deficient and that, but for counsel's deficient conduct, he would have appealed. Roe v. Flores-Ortega, 528 U.S. 470, 484, 486 (2000); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mares contends that "[o]nce an attorney finds that a client wishes to appeal his case, it becomes his obligation to protect his client's right to appeal[,]" presumably by filing a notice of appeal. Under Roe, however, when a defendant demonstrates that he is interested in appealing, then "counsel has a constitutionally imposed duty to consult with the defendant about an appeal." 528 U.S. at 480. Each of the attorneys involved in this matter submitted affidavits stating that they discussed with Mares his right to appeal. Mares does not argue that counsel failed to advise him regarding his appellate rights. Although Mares contends that his privately-retained attorneys continued to be responsible for protecting his right of appeal until they officially withdrew or were substituted as counsel, the cases Mares relies upon for this argument are inapposite.

"[T]he question whether a given defendant has made the requisite showing [under Strickland] will turn on the facts of a particular case." Roe, 528 U.S. at 486. Here, Mares acknowledges that his attorneys informed him that they did not handle appeals and that, upon learning that Mares wanted to appeal, they referred him to a specific appellate lawyer. Mares admits that he contacted the appellate lawyer but ultimately did not retain him. Even assuming arguendo that Mares' attorneys

O R D E R
No. 02-40588
- 3 -

were deficient in failing to file a notice of appeal, Mares fails to show that, "but for counsel's deficient conduct, he would have appealed." Id.; see United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Based on the foregoing, Mares has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Accordingly, his motion for a COA is DENIED.

*Edith H. Jones*
EDITH H. JONES
UNITED STATES CIRCUIT JUDGE

A true copy
Test:
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
Deputy
New Orleans, Louisiana            SEP 5 2002

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

September 5, 2002

Mr Michael N Milby, Clerk
Southern District of Texas, Brownsville
United States District Court
Room 1158
600 E Harrison Street
Brownsville, TX 78520

No. 02-40588 USA v. Mares-Martinez
USDC No. B-01-CV-65
B-99-CR-362-1

Enclosed is a certified copy of the judgment issued as the mandate.

Record/original papers/exhibits are returned:

( 2 ) Volumes   ( 1 ) Sealed Envelope   (   ) Boxes

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: _____
Jodi Rodrigue, Deputy Clerk
504-310-7718

cc: w/encl:
    Mr James Lee Turner
    Ms Rene E De Coss

MDT-1